Filed 8/23/22 P. v. Agosta CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHN RAND AGOSTA,<br><br>    Defendant and Appellant. | G061330<br><br>(Super. Ct. No. 11CF1595)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Steven D. Bromberg, Judge. Affirmed.

Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

\*        \*        \*

The trial court denied defendant John Rand Agosta's former Penal Code section 1170.95 petition seeking to vacate his murder conviction and to be resentenced (now Pen. Code, § 1172.6).[1]  The court found: "The record of conviction reflects the petitioner was the . . . actual killer and therefore ineligible for relief."

Agosta filed a notice of appeal.  Appointed appellate counsel filed an opening brief raising no arguable issues.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Agosta did not file a supplemental brief on his own behalf.

In the interests of justice, this court has reviewed the record and found no arguable issues.  (See *People v. Flores* (2020) 54 Cal.App.5th 266, 268.)  Thus, we affirm the order of the trial court.

I

BRIEF FACTS AND PROCEDURAL HISTORY

In June 2011, Agosta shot his estranged wife nine times.  A jury found Agosta guilty of first degree murder and an enhancement for personal discharge of a firearm causing death. (§§ 187, 12022.53, subd. (d).)  The trial court imposed a sentence of 25 years to life.

In January 2022, Agosta filed a petition for resentencing.  Agosta averred "A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine."

In March 2022, the prosecution filed a response.  The response included a

---

[1] Further undesignated statutory references are to the Penal Code.  The Legislature renumbered former section 1170.95 without substantive change, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.)

copy of the jury's verdict forms, the underlying unpublished opinion, and a copy of the jury instructions.

In April 2022, the trial court conducted a prima facie hearing and denied Agosta's petition. The court stated: "The record of conviction reflects the petitioner was the actual perpetrator as such, he was the actual killer and therefore ineligible for relief. The jury instructions for felony murder, natural and probable consequences or aiding and abetting were not given to the jury."

## II

## DISCUSSION

When appointed counsel has identified no arguable issues on appeal, the appellate court independently reviews the record for any arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which . . . is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

In this case, we have reviewed the record on appeal. Based on our independent judgment and analysis, we have similarly found no arguable issues that require briefing or argument. (See *Wende*, *supra*, 25 Cal.3d at p. 442, fn. 3.) The first degree murder conviction, the true finding on the firearm enhancement, and the jury instructions all confirm Agosta was the actual killer.

Thus, Agosta is ineligible for relief under section 1172.6 as a matter of law and the trial court properly denied the petition at the prima facie stage. (See *People v. Lewis* (2021) 11 Cal.5th 952, 961-970.)

## III

## DISPOSITION

The order is affirmed.

MOORE, ACTING P. J.

WE CONCUR:

SANCHEZ, J.

MOTOIKE, J.